Catron, Ch. J.
delivered the opinion of the court.
The first ground of demurrer insisted on is, that sufficient does not appear upon the face of the bill to show the better right in Dunlap. We think it shows the title *96 to the warrant to have been in Dunlap, and that he would be entitled to a decree for the land if no other objection stood in iiis way.
The next ground of demurrer relied upon is, that the statute of limitations of 1819, ch. 28, sec. 2, had barred Dunlap’s right to sue in equity; and that the facts distinctly appearing upon the face of the bill, can as well be taken advantage of by demurrer as by plea. We take the settled rule of chancery pleading to be, that if by the lapse of time no right of action exists in the complainant from his own showing, this may be taken advantage of upon demurrer; indeed a plea would seem idle, because it could only allege the same facts stated on the face of the bill, and if it were replied to might be proved by reference to the complainant’s statement. Foster vs. Hodgson: 19 Vesey, 182: Coster vs. Murray: 5 John. Ch. Rep. 522.
A demurrer would seem peculiarly appropriate to a bill seeking to recover lands, tenements, or hereditaments, where time had operated to destroy the title as well as to defeat the remedy.
In this case more than seven years had elapsed after the warrant issued, and after the entry was made thereon before the bill was filed, but not between the emanation of the grant and the commencement of the suit. Under these circumstances is Dunlap’s right of recovery barred by the second section of the act of 1819, “for quieting the citizens of this State in their possessions, and to prevent litigation.”
The act provides, “ that no person or persons, or their heirs; shall have, sue or maintain any action or suit, either in law or equity, for any lands, tenements or heredit-aments, but within seven years next after his, her, or then-right to commence, have, or maintain such suit shall have come, fallen or accrued; and that all suits either in law or equity for the recovery of any lands, tenements, or hereditaments, shall be commenced, had and sued within seven years next after the title or cause of action or suit *97 accrued or fallen, and at no time after said seven years -i 111 , ,, ' shall have passed.
Is a warrant or entry of the description of property not subject to be sued for, if the time to form the bar has elapsed? The term lands.and tenements will apply to the entry, but the word hereditaments is of a much more comprehensive import than either, including not only lands and tenements, but whatsoever may be inherited, be it corporeal, real, personal or mixed. 1 Inst. 6: 2 Blac. Co. 17. A land warrant is the subject of inheritance, and therefore as well as an entry made by virtue thereof, protected by the statute, if not sued for within seyen years next after converted, so that a right to sue for, and recover the same, at law, or in equity, has accrued to the true owner.
The second section was intended “ to prevent litigation,” within the words of the caption of the act; and refers to the time when the complainant had first a right and power to sue, as that from which the formation of the bar commences. The statute does not contemplate adverse possession in the defendant, unless it be in a case where the taking of possession gives cause of action not otherwise existing.
When had Hugh Dunlap a right of action in equity against John M’Nairy? So soon as the latter obtained the 5000 acre warrant and appropriated it to his own use. This was done in 1820, more than seven years before the suit was brought. Dunlap, therefore, by his own showing, was prohibited from suing in 1829: and the bill must be dismissed.
In opposition to this construction, it is insisted on the part of complainant, that the terms lands, tenements or hereditaments, only refer to and bar the recovery of the legal estate: that until the grant issued, M’Nairy had no title recognized by the statute of 1819. To sustain this position, the cause of Danforth vs. Lowry and Waugh, in 3 Haywood’s Rep. is relied upon.
*98 The case cited has been unsatisfactory as an authority ^ C0nstruC£¡0J10f t¡ie statute of frauds, even in reference to tire occupant claims south of French Broad and Holston: and the loose assertion, that the statute had no application to equitable titles, because not within the description of lands, tenements or hereditaments, is at variance with the best settled definitions of the foregoing legal terms, and not sound, as was decided by this court in Newnan vs. Whiteside and others, at Nashville, in 1832. This court does not doubt the true meaning of the terms; and the definition affixed to them by the Legislature, is to be found in Coke and Blackstone.
Bill dismissed.